IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

JONATHAN CORNELIUS GLENN, )
)
            Plaintiff, )
)
    v. )        CV 117-088
)
KENNETH PRESSLEY, Senior Levy )
Officer; URVESMUKMAR PATEL, )
Store Owner; and WILLIAM SMITH, )
Investigator, )
)
            Defendants. )
_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff commenced the above-captioned case *pro se* and is proceeding *in forma pauperis* ("IFP"). Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential Defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i) & (ii).

I.    **SCREENING OF THE COMPLAINT**

A.    **BACKGROUND**

Plaintiff names as Defendants (1) Kenneth Pressley, (2) Urvesmukmar Patel, and (3) Investigator William Smith. (See doc. no. 1, pp. 2-3.) Taking all of Plaintiff's factual

allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On December 26, 2015, Inv. William Smith received a call about an armed robbery at the Discount Stop Food Mart at 545 Sandbar Ferry Road, in Augusta, GA.  (Id. at 20.)  A baseball cap, black ski mask, and a tennis shoe print of unascertained size were found at the scene.  (Id. at 21.)  Inv. Smith interviewed Defendant Patel, store owner and victim of the armed robbery.  (Id. at 22.)  Patel stated he and his cousin, Margeshkumar Patel, were closing the business when a person carrying a black revolver approached them and demanded their money.  (Id.)  Two other persons approached with the person carrying the revolver but kept a greater distance.  (Id. at 23.)  Patel explained he had no money and could not open the business until morning.  (Id.)  Patel gave the person with the revolver his wallet, which contained twenty dollars in cash, a bank card, and various business cards.  (Id.)  The three unidentified people fled the scene.  (Id.)

Defendant Patel stated only the person with the revolver spoke, and he could identify the person as "Jay" based on his voice.  (Id. at 24.)  Patel stated he could identify "Jay" in a photograph and said "Jay" had tattoos in the corner of each eye.  (Id. at 10, 24.)  Patel later told Inv. Smith he was certain the tattoos were of teardrops.  (Id. at 27.)  In a six-person lineup, Patel identified Plaintiff as the person whose voice he identified on the night of the robbery.  (Id. at 27.)

Inv. Smith watched surveillance footage from the store and observed the person with the revolver wore a mask during the robbery, making it impossible for Patel to see his or her face.  (Id. at 25.)  Inv. Smith personally observed later the tattoos under Plaintiff's eyes are

2

five-point stars and not teardrops.  (Id. at 28.)   Additionally, in booking photos of the

Plaintiff from December 28, 2015, Plaintiff did not appear to have tattoos on the corner of his

eyes.  (Id. at 29.)  Inv. Smith did not attempt to send any evidence to the G.B.I. or look into

the records for the bank card taken from the victim.  (Id. at 30.)

On January 21, 2016, Inv. Smith held Plaintiff against his will at the Richmond

County Sheriff's Office, for approximately four hours during and following an interview.

(Id. at 31.)  Following the interview, Plaintiff was arrested and transported to the Charles B.

Webster detention center.  (Id.)  Inv. Smith applied for and was granted arrest warrants for

Plaintiff for Armed Robbery on an Individual, Attempted Armed Robbery of a Business,

Possession of a Firearm by a Convicted Felon, and Possession of a Firearm During the

Commission of a Crime.  (Id. at 13.)  Plaintiff was detained for seven months leading up to

his trial.  (Id. at 25.)   The complaint infers, and the state criminal docket confirms, that

Plaintiff was acquitted of all charges at trial.[1]

## B.    DISCUSSION

### 1.    Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or

fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a

defendant who is immune to such relief.  See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  A

---

[1]See Richmond County Clerk of Court Web Docket, available at https://cocaugustaga.gov/mainpage.aspx (follow "Criminal Search" hyperlink; then search for "Glenn, Jonathan Cornelius," open 2016RCCR00391, last visited Nov. 9, 2017); see also United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994) (noting court may take judicial notice of another court's records to establish existence of ongoing litigation and related filings).

claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 327 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (*per curiam*) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*); Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*).

However, this liberal construction does not mean that the court has a duty to re-write the complaint.  Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

> **2.     Plaintiff Fails to State a Claim Against Defendant Patel Because He Is Not a State Actor.**

Plaintiff fails to state a viable § 1983 claim against Defendant Patel because he is not a state actor.  To establish a § 1983 claim, a plaintiff must show "the conduct complained of (1) was committed by a person acting under color of state law and (2) deprived the complainant of rights, privileges, or immunities secured by the Constitution or laws of the United States." Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992).  Consequently, "'the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful.'"  Focus on the Family v. Pinellas Suncoast Transit Auth., 344 F.3d 1263, 1277 (11th Cir. 2003) (quoting American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999)).  However, a private actor may qualify as a "state actor" for purposes of § 1983 if one of three conditions is met: "(1) the State has coerced or at least significantly encouraged the action alleged to violate the Constitution ('State compulsion test'); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the State ('public function test'); or (3) 'the State had so far insinuated itself into a position of interdependence with the [private parties] that it was a joint participant in the enterprise[]' ('nexus/joint action test')."  Rayburn ex rel. Rayburn v. Hogue, 241 F.3d 1341, 1347 (11th Cir. 2001) (quoting NBC, Inc. v. Communications Workers of America, 860 F.2d 1022, 1026-27 (11th Cir. 1988)).

Here, Defendant Patel satisfies none of the three tests.  Defendant Patel is a private

store owner.  (Doc. no. 1, p. 2.)   Defendant Patel's involvement in Plaintiff's criminal

prosecution consisted of making a statement to Inv. Smith, identifying Plaintiff in a

photographic lineup, and  testifying at Plaintiff's trial.  (Id. at 22-24, 27, 33.)   Based on

Plaintiff's allegations, Defendant Patel's actions were not compelled by the state, a traditional

public function, or part of a joint enterprise with the state.  Accordingly, Defendant Patel was

acting solely as a private actor, and Plaintiff fails to state a claim for relief against him.

Furthermore, Plaintiff alleges Defendant Patel lied to Inv. Smith and during Plaintiff's trial

because Patel believed Plaintiff burglarized his store five years before.  (Id. at 25, 33.)  While

these allegations might give rise to state law claims, Defendant Patel's status as a private actor

precludes liability under § 1983.

### 3.    Plaintiff Fails to State a Claim against Defendant Pressley.

The Eleventh Circuit has held that a district court properly dismisses a defendant

where a plaintiff, other than naming the defendant in the caption of the complaint, fails to

state any allegations that associate the defendant with the purported constitutional violation.

Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) ("While we do not require

technical niceties in pleading, we must demand that the complaint state with some minimal

particularity how overt acts of the defendant caused a legal wrong.").  Here, Plaintiff's only

mention of Defendant Pressley indicates Pressley was "also responsible because he could

have stopped the (sic) from selling my house."  (Doc. no. 1, p. 5.)  Plaintiff alleges no facts

connecting Defendant Pressley with the alleged violation of his rights during his criminal

prosecution.  Therefore, Plaintiff fails to state a claim against Defendant Pressley.

6

### 4.     Plaintiff Also Fails to State a Claim Against Inv. Smith.

Plaintiff alleges Inv. Smith violated his constitutional rights by: (1) subjecting him to false arrest, malicious prosecution, false imprisonment, in violation of the Fourth and Fourteenth Amendments; (2) incarcerating him for seven months in violation of the Eighth Amendment; and (3) committing perjury against him.  Plaintiff fails to state a valid claim on each of these grounds.

First, Plaintiff fails to state a claim based on false arrest, false imprisonment, or malicious prosecution.  "A warrantless arrest without probable cause violates the Fourth Amendment and forms a basis for a § 1983 claim."  Ortega v. Christian, 85 F.3d 1521, 1525 (11th Cir. 1996) (citation omitted).  "Where  a police officer lacks probable cause to make an arrest, the arrestee has a claim under § 1983 for false imprisonment based on a detention pursuant to that arrest."  Id. at 1526.  "[For] purposes of a § 1983 malicious prosecution claim, the constituent elements of the common law tort of malicious prosecution included (1) a criminal prosecution instituted or continued by the present defendant; (2) with malice and without probable cause . . . ."  Wood v. Kesler, 323 F.3d 872, 881-82 (11th Cir. 2003).

As this authority makes clear, the existence of probable cause is a bar to § 1983 claims based on false arrest, false imprisonment, and malicious prosecution.  Ortega, 85 F.3d at 1525-26; Wood, 323 F.3d at 878, 881-82.  A law enforcement officer has probable cause to effectuate an arrest if the facts and circumstances would cause a prudent person to believe an individual has committed, is committing, or is about to commit an offense.  Von Stein v. Brescher, 904 F.2d 572, 578 (11th Cir. 1990).

In his first statement, Patel told Inv. Smith he could identify Plaintiff as the suspect by

7

his voice because Plaintiff frequented his store and identified Plaintiff by his nickname. (Doc. no. 1, p. 24.)  Patel identified Plaintiff in a six-person lineup as the suspect whose voice he heard.  (Id. at 12.)  Although Patel mistakenly believed Plaintiff had tear drop tattoos in the corner of each eye, Plaintiff did have star-shaped tattoos under each eye, which Inv. Smith observed while speaking with Plaintiff.  (Id. at 29, 31.)  Based on this information, a reasonably prudent person would believe probable cause existed that Plaintiff had committed the offenses under investigation.  Indeed, a grand jury found probable cause and issued an indictment charging Plaintiff with armed robbery.[2]

Furthermore, Inv. Smith's investigation report, included in Plaintiff's complaint, indicates Inv. Smith applied for and obtained arrest warrants for Plaintiff within two hours of Plaintiff being taken into custody.  (Id. at 13.)  Plaintiff does not challenge the validity of the arrest warrants in his complaint.  The issuance of the arrest warrants further supports Inv. Smith had probable cause to arrest and detain Plaintiff.  Thus, Plaintiff fails to state a claim against Inv. Smith for false arrest, false imprisonment, or malicious prosecution.

Second, Plaintiff fails to state a claim based on a violation of his Eighth Amendment rights.  Plaintiff's complaint concerns the seven months he was incarcerated before his trial. (Id. at 33.)  However, Eighth Amendment protections do not apply to pretrial detainees. Tittle v. Jefferson Cty. Comm'n, 10 F.3d 1535, 1539 n.3 (11th Cir. 1994) ("[T]he Eight Amendment serve[s] as a limitation on the government's power to punish only after a formal

---

[2]See   Richmond   County   Clerk   of   Court   Web   Docket,   available   at https://cocaugustaga.gov/mainpage.aspx (follow "Criminal Search" hyperlink; then search for "Glenn, Jonathan Cornelius," open 2016RCCR00391, last visited Nov. 9, 2017).

adjudication of guilty have been entered against the accused.") (citing <u>Ingraham v. Wright</u>, 430 U.S. 651, 671 n.40 (1977)).  Furthermore, under Georgia law, judicial officers determine whether a defendant is to be detained or released pending trial, not investigating officers. O.C.G.A. § 17-6-1 (2017).  Accordingly, Plaintiff has failed to allege a valid Eighth Amendment violation by Inv. Smith.

Third, Plaintiff fails to state a § 1983 claim based on the allegation Inv. Smith committed perjury.  In his complaint, Plaintiff states Inv. Smith "gave mis-statements during and before trial" but alleges no facts to support the conclusion Inv. Smith committed perjury. (Doc. no. 1, p. 33.)  Plaintiff does not state what, if any, testimony Inv. Smith gave in any proceeding involving him or how Inv. Smith's testimony was knowingly or willingly false. Furthermore, the Supreme Court has held witnesses in court proceedings, including police officers, are entitled to absolute immunity.  <u>Brisoce v. LaHue</u>, 460 U.S. 325, 333, 342 (U.S. 1983).  Thus, even if Plaintiff's allegations stated a claim against Inv. Smith, he would be entitled to absolute immunity from liability.

### 5.      Any Potential State Law Claims Should Be Dismissed.

To the extent Plaintiff may have any viable state law claims regarding the events alleged in his complaint, those should be dismissed so that Plaintiff may pursue them in state court.  28 U.S.C. § 1331, which states that District Courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States," provides the Court authority to rule in a § 1983 case.  Federal courts are given the additional power to exercise supplemental jurisdiction over state law claims which "form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).

However, § 1367(c)(3) states that "[t]he district courts may <u>decline</u> to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction. . . ." <u>Id.</u> § 1367(c)(3) (emphasis added).

Indeed, a District Court is well within its discretion to dismiss state law claims once the basis for original federal court jurisdiction no longer exists. <u>See</u> <u>Nolin v. Isbell</u>, 207 F.3d 1253, 1258 (11th Cir. 2000) (directing dismissal of state law claims when case "retains no independent basis for federal jurisdiction"); <u>see also</u> <u>Republic of Panama v. BCCI Holdings (Luxembourg) S.A.</u>, 119 F.3d 935, 951 n.26 (11th Cir. 1997) ("After dismissing Panama's federal claims against the . . . defendants, the district court correctly dismissed its remaining state law claims against these defendants."). Accordingly, any potential state law claims Plaintiff believes he may have should be dismissed so that he may, if he chooses, pursue them in state court.

## II.     CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's complaint be **DISMISSED** for failure to state a claim and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 13th day of November, 2017, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA