IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JONATHAN CORNELIUS GLENN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 117-088 |
| | ) | |
| KENNETH PRESSLEY, Senior Levy Officer, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff commenced the above-captioned case *pro se* and is proceeding *in forma pauperis* ("IFP"). Because he is proceeding IFP, Plaintiff's amended complaint must be screened to protect potential Defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i) & (ii).

## I. SCREENING OF THE COMPLAINT

### A. BACKGROUND

Plaintiff names as Defendants: (1) Kenneth Pressley; (2) Urvesmukmar Patel; (3) Investigator William Smith; (4) Sheriff Richard Roundtree; (5) Investigator Tim Rzasa; (6) Sergeant James Gordon; (7) Investigator Glen Rahn; (8) Investigator Brandon Beakman; (9) Investigator Godden; and (10) unnamed officers. (See doc. no. 12, pp. 2, 6.) Taking all of

Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

Plaintiff was a suspect in an armed robbery investigation beginning on November 2, 2009. (Id. at 15, 22.) Defendants Rzasa, Gordon, Rahn, Beakman, and Godden fabricated evidence, falsified statements by and about Plaintiff, forced another suspect to give a false statement, released other suspects prematurely, and ignored a statement by the victim that Plaintiff was not the perpetrator. (Id. at 15-20.) Inv. Mulmerin, Inv. Rahn, and Inv. Godden arrested Plaintiff on November 4, 2009. (Id. at 15.) On January 12, 2010, a Richmond County grand jury indicted Plaintiff on five charges.[1] The jury acquitted Plaintiff on all charges on February 25, 2014. (Id.)

On December 26, 2015, Deputy Terrence Miller responded to a report of an armed robbery at 545 Sandbar Ferry Road, Augusta, and made contact with the victims, Urvesmukmar Patel and Margveshkumar Patel. (Id. at 7, 12.) Urvesmukmar owns the store. (Id. at 14.) Deputy Miller obtained a statement from Urvesmukmar and attempted to obtain a statement from Margveshkumar. (Id. at 11.) Margveshkumar does not speak English, so Urvesmukmar had to translate for him. (Id.) Deputy Miller stopped the interview when he noticed Margveshkumar's translated statement was the same as Urvesmukmar's statement. (Id.) Urvesmukmar intentionally mistranslated Margveshkumar's statement to match his own. (Id.)

---

[1] See Richmond County Clerk of Court Web Docket, available at https://cocaugustaga.gov/mainpage.aspx (follow "Criminal Search" hyperlink; then search for "Glenn, Jonathan Cornelius," open 2010RCCR00074, last visited Feb. 9, 2018); see also United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994) (noting court may take judicial notice of another court's records to establish existence of ongoing litigation).

Urvesmukmar told Investigator William Smith he was able to identify Plaintiff as the perpetrator of the armed robbery by voice because Plaintiff was a regular customer and knew Plaintiff had teardrop tattoos. (Id. at 13.) Urvesmukmar did not mention the tattoos in his statement to Deputy Miller. (Id.) Urvesmukmar also told Inv. Smith he believed Plaintiff broke into his business five years before. (Id.)

On January 21, 2016, Inv. Smith went to Plaintiff's mother's home and asked her to tell Plaintiff to contact him. (Id. at 8.) Plaintiff called Inv. Smith and told him he would come to the Richmond County Sheriff's Office as soon as possible. (Id.) Inv. Smith forced Plaintiff to wait in a locked interview room for three hours, despite Plaintiff's pleas of innocence and requests to leave. (Id.) Inv. Smith arrested Plaintiff "without a valid arrest warrant or probable cause." (Id.) Later that day while in the Charles B. Webster Detention Center, Plaintiff wrote Sheriff Roundtree about the warrantless arrest. (Id. at 12.) Sheriff Roundtree did not respond. (Id.)

On August 22, 2016, Urvesmukmar testified at trial that Plaintiff robbed him at his store on December 26, 2015, taking his wallet, Visa bank card, $20 cash, and bank business cards. (Id. at 7.) Urvesmukmar testified he saw Plaintiff's face and knew Plaintiff "was one of the [robbery] suspects." (Id.) Urvesmukmar "knowingly and willingly offered a mis-statement" and was "impeached on the stand." (Id.) Margveshkumar did not testify at his trial because the state prosecutor "refused to hire an interpreter." (Id. at 12.) The complaint infers, and the state criminal docket confirms, that Plaintiff was acquitted of all charges at

trial.[2]

During an unknown year while incarcerated in the Charles B. Webster Detention Center, the sprinkler head in Plaintiff's cell began leaking, so Plaintiff got the attention of the officers. (Id. at 10.) Before Plaintiff could explain, an unidentified officer blamed Plaintiff for the damage to the sprinkler head, yelled at Plaintiff to get on the floor, and tazed Plaintiff above the waist. (Id.) Several unidentified officers dragged Plaintiff out of his cell, strapped him to a chair, and placed him in a "su[i]cide cell" for several hours without medical attention, food, or access to a restroom. (Id.) The officers placed a bag over Plaintiff's head and tried to kill him. (Id.)

## B. DISCUSSION

### 1. Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 327 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (*per curiam*) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

---

[2]See Richmond County Clerk of Court Web Docket, available at https://cocaugustaga.gov/mainpage.aspx (follow "Criminal Search" hyperlink; then search for "Glenn, Jonathan Cornelius," open 2016RCCR00391, last visited Feb. 9, 2018).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*); Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*). However, this liberal construction does not mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Fails to State a Claim Against Mr. Patel Because He Is Not a State Actor.

Plaintiff fails to state a viable § 1983 claim against Mr. Patel because he is not a state actor. To establish a § 1983 claim, a plaintiff must show "the conduct complained of (1) was

5

committed by a person acting under color of state law and (2) deprived the complainant of rights, privileges, or immunities secured by the Constitution or laws of the United States." Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992). Consequently, "'the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful.'" Focus on the Family v. Pinellas Suncoast Transit Auth., 344 F.3d 1263, 1277 (11th Cir. 2003) (quoting American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999)). However, a private actor may qualify as a "state actor" for purposes of § 1983 if one of three conditions is met: "(1) the State has coerced or at least significantly encouraged the action alleged to violate the Constitution ('State compulsion test'); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the State ('public function test'); or (3) 'the State had so far insinuated itself into a position of interdependence with the [private parties] that it was a joint participant in the enterprise[]' ('nexus/joint action test')." Rayburn ex rel. Rayburn v. Hogue, 241 F.3d 1341, 1347 (11th Cir. 2001) (quoting NBC, Inc. v. Communications Workers of America, 860 F.2d 1022, 1026-27 (11th Cir. 1988)).

Here, Mr. Patel satisfies none of the three tests. Mr. Patel is a private store owner. (Doc. no. 12, p. 2.) Mr. Patel's alleged involvement in Plaintiff's criminal prosecution consisted of making statements to Deputy Miller and Inv. Smith, "knowingly translat[ing] a mis-statement to law enforcement officials" made by Marveshukmar Patel, and testifying at Plaintiff's trial. (Id. at 7, 12.) Mr. Patel's actions were not compelled by the state, a traditional public function, or part of a joint enterprise with the state. Accordingly, Mr. Patel was acting solely as a private actor, and Plaintiff fails to state a claim for relief against him. Furthermore,

6

Plaintiff alleges Mr. Patel lied during the investigation and Plaintiff's trial. (Id.) While these allegations might give rise to state law claims, Mr. Patel's status as a private actor precludes liability under § 1983.

### 3. Plaintiff Fails to State a Claim against Defendant Pressley.

The Eleventh Circuit has held that a district court properly dismisses a defendant where a plaintiff, other than naming the defendant in the caption of the complaint, fails to state any allegations that associate the defendant with the purported constitutional violation. Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."). Here, Plaintiff's only mention of Mr. Pressley is in his defendant list. (Doc. no. 12, p. 2.) Plaintiff alleges no facts connecting Mr. Pressley with the alleged violation of his rights. Therefore, Plaintiff fails to state a claim against Mr. Pressley.

### 4. Plaintiff Also Fails to State a Claim Against Inv. Smith.

Plaintiff alleges Inv. Smith violated his constitutional rights by subjecting him to false arrest and false imprisonment in violation of the Fourth and Fourteenth Amendments. Plaintiff fails to state a valid claim on these grounds. "A warrantless arrest without probable cause violates the Fourth Amendment and forms a basis for a § 1983 claim." Ortega v. Christian, 85 F.3d 1521, 1525 (11th Cir. 1996) (citation omitted). "Where a police officer lacks probable cause to make an arrest, the arrestee has a claim under § 1983 for false imprisonment based on a detention pursuant to that arrest." Id. at 1526. "[For] purposes of a § 1983 malicious prosecution claim, the constituent elements of the common law tort of malicious prosecution

7

included (1) a criminal prosecution instituted or continued by the present defendant; (2) with malice and without probable cause . . . ." Wood v. Kesler, 323 F.3d 872, 881-82 (11th Cir. 2003).

As this authority makes clear, the existence of probable cause is a bar to § 1983 claims based on false arrest, false imprisonment, and malicious prosecution. Ortega, 85 F.3d at 1525-26; Wood, 323 F.3d at 878, 881-82. A law enforcement officer has probable cause to effectuate an arrest if the facts and circumstances would cause a prudent person to believe an individual has committed, is committing, or is about to commit an offense. Von Stein v. Brescher, 904 F.2d 572, 578 (11th Cir. 1990).

Plaintiff alleges Mr. Patel told Inv. Smith he identified Plaintiff as the suspect by his voice because Plaintiff was a regular customer. (Doc. no. 12, p. 13.) Patel also identified Plaintiff as having tattoos under his eyes and told Inv. Smith he believed Plaintiff also broke into his store five years before. (Id.) Based on this information, a reasonably prudent person would believe probable cause existed that Plaintiff had committed the offenses under investigation. Indeed, a grand jury found probable cause and issued an indictment charging Plaintiff with armed robbery.[3] Because the complaint alleges facts showing Inv. Smith had probable cause that Plaintiff committed the robbery, Plaintiff fails to state a claim against Inv. Smith for false arrest and false imprisonment. Ortega, 85 F.3d at 1525-26.

### 5.     Plaintiff Fails to State a Claim against Defendant Roundtree.

Plaintiff likewise fails to state a claim against Sheriff Roundtree. Plaintiff states he

---

[3]See Richmond County Clerk of Court Web Docket, available at https://cocaugustaga.gov/mainpage.aspx (follow "Criminal Search" hyperlink; then search for "Glenn, Jonathan Cornelius," open 2016RCCR00391, last visited Feb. 9, 2018).

8

wrote a letter to Sheriff Roundtree while in "Charles B. Webster's Detention Center," informing Sheriff Roundtree "the warrant was not signed at the time he was transported to the jail . . . ." (Id. at 9.) Plaintiff states Sherriff Roundtree did not respond to the letter. (Id.) Thus, Plaintiff appears to claim Sheriff Roundtree was liable for Inv. Smith's actions under a theory of supervisory liability.

"Supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Rosa v. Florida Dep't of Corr., 522 F. App'x 710, 714 (11th Cir. 2013) ("Because vicarious liability is inapplicable to § 1983 actions, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Therefore, to hold a defendant liable, a plaintiff must demonstrate that either (1) the defendant actually participated in the alleged constitutional violation, or (2) there is a causal connection between the defendant's actions and the alleged constitutional violation. See Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)).

The "causal connection" can be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and [s]he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). The standard for demonstrating "widespread abuse" is high. In the Eleventh Circuit, "deprivations that

constitute widespread abuse sufficient to notify the supervising official must be *obvious, flagrant, rampant and of continued duration*, rather than isolated occurrences." Brown, 906 F.2d at 671 (emphasis added). A causal connection may also be shown when the facts support "an inference that the supervisor [or employer] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003).

First, Plaintiff's claim against Sheriff Roundtree fails because he has not stated a claim for false arrest against Inv. Smith, as explained *supra*. Second, Plaintiff has alleged neither a "history of widespread abuse" nor presented evidence of Sheriff Roundtree directing subordinates to act unlawfully or knowingly failing to stop them from doing so. Brown, 906 F.2d at 671; Cottone, 326 F.3d at 1360. Additionally, there is no evidence of any custom or policy adopted by or known to Sheriff Roundtree that caused the alleged constitutional violation. Hartley, 193 F.3d at 1269. Accordingly, Plaintiff has failed to state a claim against Sheriff Roundtree.

### 6. The Statute of Limitations Bars Plaintiff's 2009 Claims.

Plaintiff raises claims against Defendants Rzasa, Gordon, Rahn, Beakman, and Godden regarding his 2009 arrest and subsequent criminal prosecution. However, these claims are barred by the statute of limitations for § 1983 claims.

It is "well-settled that § 1983 claims filed in Georgia are governed by the same two-year statute of limitations for personal-injury actions." Flowers v. Fulton Cty. Sch. Sys., No. 15-12220, 2016 WL 3159370, at *3 (11th Cir. June 7, 2016) (citing Williams v. City of Atlanta, 794 F.2d 624, 626 (11th Cir. 1986)). Therefore, to state a claim for which relief can

be granted, Plaintiff must bring his action within two years of the date the statute of limitations on his claim begins to run.

The statute of limitations on false arrest and false imprisonment claims begins to run "when the alleged false imprisonment ends." Wallace v. Kato, 549 U.S. 384, 389 (2007) (citations omitted). "Reflective of the fact that a false imprisonment consists of detention without legal process, a false imprisonment ends once the [plaintiff] becomes held pursuant to such process—when, for example, he is bound over by a magistrate or arraigned on charges." White v. Hiers, 2016 WL 3194677, at *1, No. 15-15760 (11th Cir. June 9, 2016) (quoting Wallace, 549 U.S. at 389).

Here, Plaintiff does not specify the date he was bound over by the magistrate or arraigned on charges. However, on February 25, 2014, a Richmond County jury acquitted Plaintiff on all charges related to the 2009 arrest.[4] Thus, Plaintiff definitely received legal process at the latest by February 25, 2014, when Plaintiff's alleged false arrest and imprisonment ended, and the statute of limitations began to run. Plaintiff signed the amended complaint in this § 1983 lawsuit on December 11, 2017. (Doc. no. 12, p. 23.) Since Plaintiff's complaint was filed more than two years from February 25, 2014, his claims relating to his 2009 arrest are barred by the statute of limitations.

### 7. Plaintiff Cannot Join His Excessive Force Claim.

Plaintiff seeks to raise a claim relating to his alleged mistreatment by officers while incarcerated at the Charles B. Webster Detention Center. (Id. at 10.) However, Plaintiff

---

[4] See Richmond County Clerk of Court Web Docket, available at https://cocaugustaga.gov/mainpage.aspx (follow "Criminal Search" hyperlink; then search for "Glenn, Jonathan Cornelius," open 2014RCCR00074, last visited Feb. 9, 2018).

cannot bring unrelated claims in a single lawsuit under Fed. R. Civ. P. 20. There are two requirements for joinder under Rule 20: (1) all claims against joined defendant must arise out of "the same transaction or occurrence, or series of transactions or occurrences"; and (2) "there must be some question of law or fact common to all defendants that will arise in the action." Smith v. Trans-Siberian Orchestra, 728 F. Supp. 2d 1315, 1319 (M.D. Fla. 2010) (citing Alexander v. Fulton County, Ga., 207 F.3d 1303, 1323 (11th Cir. 2000), *overruled on other grounds by* Manders v. Lee, 338 F.3d 1304, 1328 n.52 (11th Cir. 2003) (*en banc*).). "In determining what constitutes a transaction or occurrence for the purposes of Rule 20(a), courts have looked for meaning to Fed. R. Civ. P. 13(a) governing compulsory counterclaims." Alexander, 207 F.3d at 1323. Under the requirements of Rule 13(a), "a claim arises out of the same transaction or occurrence if there is a logical relationship between the claims." Construction Aggregates, Ltd. v. Forest Commodities Corp., 147 F.3d 1334, 1337 n.6 (11th Cir. 1998); Tarver v. Owens, 5:14-CV-214, 2014 WL 3810594, at *4 (M.D. Ga. Aug. 1, 2014) (same). A logical relationship exists when the claims depend upon the same set of facts, or the facts of one claim "activate additional legal rights supporting the other claim." Smith, 728 F. Supp. 2d at 1319. A claim may be dismissed without prejudice where it does not comply with Rule 20. Smith v. Owens, 625 F. App'x 924, 928-29 (11th Cir. 2015.)

Plaintiff has not alleged any facts connecting his excessive force claim to his remaining claims. Plaintiff does not allege the incident was related to his false arrest and imprisonment in either 2009 or 2016. Instead, Plaintiff alleges the mistreatment was the result of the officer's belief that Plaintiff had damaged the sprinkler head in his cell. (Doc.

12

no. 12, p. 10.) Furthermore, Plaintiff has not alleged that any named Defendants were involved in the use of excessive force in the Charles B. Webster Detention Center. (Id.) In fact, Plaintiff has not named any officers responsible for the mistreatment. (Id.) Finally, Plaintiff has not even alleged when the incident took place. (Id.) In short, there is no indication Plaintiff's excess force claim has any logical relationship to his other claims.

### 8. Any Potential State Law Claims Should Be Dismissed.

To the extent Plaintiff may have any viable state law claims regarding the events alleged in his complaint, those should be dismissed so that Plaintiff may pursue them in state court. Pursuant to 28 U.S.C. § 1331, District Courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." Section 1331 provides the Court authority to rule in a § 1983 case. Federal courts are given the additional power to exercise supplemental jurisdiction over state law claims which "form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). However, § 1367(c)(3) states that "[t]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction. . . ." Id. § 1367(c)(3) (emphasis added).

Indeed, a District Court is well within its discretion to dismiss state law claims once the basis for original federal court jurisdiction no longer exists. See Nolin v. Isbell, 207 F.3d 1253, 1258 (11th Cir. 2000) (directing dismissal of state law claims when case "retains no independent basis for federal jurisdiction"); see also Republic of Panama v. BCCI Holdings (Luxembourg) S.A., 119 F.3d 935, 951 n.26 (11th Cir. 1997) ("After dismissing Panama's

13

federal claims against the . . . defendants, the district court correctly dismissed its remaining state law claims against these defendants."). Accordingly, any potential state law claims Plaintiff believes he may have should be dismissed so that he may, if he chooses, pursue them in state court.

## II.   PLAINTIFF'S MOTION FOR EXTENSION OR VOLUNTARY DISMISSAL

On December 15, 2015, Plaintiff filed a "Motion Requesting 30 Day Deadline Extension And/Or Motion to Dismiss Without Prejudice." (Doc. no. 11.) On January 4, 2018, the Court indicated no deadlines were pending and ordered Plaintiff to notify the Court within fourteen days if he did not intend to voluntarily dismiss this case. (Doc. no. 13.) On January 19, 2018, Plaintiff filed a notice, indicating he wishes to continue prosecuting this case. (Doc. no. 14.) Accordingly, Plaintiff's motion should be denied as moot. (Doc. no. 11.)

## III.  CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** the November 13, 2017 Report and Recommendation be **VACATED**, (doc. no. 6), Plaintiff's motion for extension or voluntary dismissal be **DENIED AS MOOT**, (doc. no. 11), Plaintiff's complaint be **DISMISSED** for failure to state a claim, and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 16th day of February, 2018, at Augusta, Georgia.

/s/ Brian K. Epps
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA